IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAROL A. CUMMINGS, ) | CASE NO. 1:05CV0015 |
| ) | |
| Plaintiff, ) | Judge Ann Aldrich |
| ) | |
| v. ) | |
| ) | O R D E R |
| ) | |
| CUYAHOGA COMMUNITY COLLEGE, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

In this case, in which plaintiff Carol A. Cummings ("Cummings") seeks damages as well as an order enjoining Cuyahoga Community College, and various officers thereof (collectively "Tri-C"), from disseminating allegedly false information on her transcript. Cummings filed her complaint on January 4, 2005 (Docket No. 1). On page 9 of the complaint, Cummings's counsel, Jeffrey N. James ("James"), indicated that he served a "copy of this document ... by FAX and Overnight United States Mail upon counsel for defendants, Alan G. Starkoff."

On June 24, 2005, Tri-C filed a motion to dismiss (Docket No. 7), in which Starkoff averred that he did not receive a copy of the summons or complaint until June 22, 2005. Tri-C seeks dismissal under Federal Rule of Procedure 4(e), which requires that service be performed both on the individual defendant, or an authorized agent thereof, and within 120 days of filing. Cummings has failed to respond to this motion.

Accordingly, the court adopts the facts regarding service as proffered by Tri-C, and considers

Cummings's failure to reply as conceding the accuracy of said facts. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 491(6th Cir. 2000), citing *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 n.5 (6th Cir. 1992). The case is therefore dismissed with prejudice.

Finally, the court must now address its grave concerns regarding the appropriateness of James's conduct as counsel for Cummings. In a previous case filed by this plaintiff (No. 04CV1605), James gave the court reason to question both the origin, and his good-faith belief in the merits, of several documents bearing his signature. Given the repetitive nature of the claims advanced in this suit, and the plaintiff's disregard for proper service under the Federal Rules, the court must again raise similar questions.

As James is no doubt aware, FED. R. CIV. P. 11(b) holds that

> [b]y presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>   (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>   (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

*Id*. Rule 11(c) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation."

In accordance with the above, the court therefore orders Jeffrey James to show cause why he has not violated Federal Rule of Civil Procedure 11(b) by filing his complaint in this case. James will submit to the court a memorandum regarding the purpose of this litigation and his knowledge, information, and belief regarding the claims contained in Cummings's complaint no later than August 31, 2005.

The order to dismiss this case, with prejudice, is final and appealable.

IT IS SO ORDERED.

                                                /s/ Ann Aldrich
                                          ANN ALDRICH
                                          UNITED STATES DISTRICT JUDGE

**Dated: August 3, 2005**